1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| KENNETH V.,<br><br>                                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br>                                    Defendant. | Case No.:  21cv3-MMP<br><br>**ORDER: (1) DISCHARGING SECOND ORDER TO SHOW CAUSE; (2) SETTING MERITS BRIEFING SCHEDULE; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR FULL ACCESS ON PACER ACCOUNT [ECF No. 32]** |

20      Pending before the Court are (1) Plaintiff's Response to the Second Order to Show

21 Cause and (2) Plaintiff's Motion for Full Court Record Access via his Personal PACER

22 Account. [ECF Nos. 31, 32.] For the reasons stated below, the Court **DISCHARGES** the

23 Order to Show Cause, **SETS** a new merits briefing schedule, and **DENIES without**

24 **prejudice** Plaintiff's Motion for full access on his personal PACER account [ECF No. 32].

25 **I.      RELEVANT BACKGROUND**

26      Plaintiff Kenneth V., proceeding *pro se* and *in forma pauperis*, initiated this action

27 on January 4, 2021. [ECF No.1.] Defendants were served and subsequently filed the

28 administrative record. [ECF Nos. 20-22.] Per the local rules in place at that time, Plaintiff's

merit brief was due within thirty-five days of the filing of the administrative record. CivLR 7.1(e)(6)(e); General Orders 706, 747. Plaintiff failed to file his merits brief before this deadline.

On April 4, 2023, the Honorable Nita L. Stormes issued an Order To Show Cause for why this action should not be dismissed for want of prosecution. [ECF No. 25.] On April 21, 2023, Plaintiff filed a response stating the omission was inadvertent and based on an incorrect understanding of prior court orders. [ECF No. 26.]

On June 6, 2023, Magistrate Judge Stormes issued an order discharging the OSC in the interest of justice and setting a new briefing schedule in which Plaintiff's opening merits brief was due by July 7, 2023, and Defendant's opposition was due by August 7, 2023. [ECF No. 27.]

On July 28, 2023, Defendants filed a Notice of Non-Receipt of Plaintiff's Opening Brief, stating Defendants had not received Plaintiff's opening brief. [ECF No. 29.]

On August 8, 2023, the Court issued a Second Order to Show Cause ("OSC") for Plaintiff to show cause for a second time as to why this action should not be dismissed for want of prosecution after Plaintiff did not file his merits brief by the July 7, 2023 deadline. [ECF Nos. 30, 27.]

## II.   DISCHARGE OF THE OSC AND NEW BRIEFING SCHEDULE

On August 24, 2023, Plaintiff filed a "Response to Court's August 8, 2023, Second Order to Show Cause ECF No. 30" and a "Motion with Supporting Affidavit for Court Record Access to His Case File via 'PACER Account' In response to the Attached Court Notices Regarding Non-Receipt of ECF No. 27." [ECF No. 31, 32][1] In his supporting affidavit, Plaintiff attests that he did not receive a copy of the Court's June 6, 2023 Order: (1) Discharging Order to Show Cause and (2) Setting Briefing Schedule [ECF No. 27]. Plaintiff, however, confirms receipt of all other filings in this case since his April 21, 2023

---

[1] Plaintiff's Motion was originally filed on August 3, 2023 and entered on the docket on August 24, 2023.

response to the first OSC, namely the "Minute Order of Transfer" filed July 27, 2023, ECF No. 28, and the Notice of Non-Receipt of Plaintiff's Opening Brief filed July 28, 2023, ECF No. 29. [ECF No. 31 at 6.][2] Plaintiff also confirms that he received the Court's Second Order to Show Cause filed August 8, 2023, ECF No. 30. [ECF No. 31 at 1.] As a result, Plaintiff requests the Court discharge the August 8, 2023 OSC and reset a merits brief schedule in his social security appeal.

Defendant was given an opportunity to respond by September 1, 2023 but did not file a response.

Having considered Plaintiff's response and accompanying documents, the Court **DISCHARGES** the OSC and **FURTHER ORDERS** as follows:

1.   Concurrently with the merits briefing schedule set forth below, the parties shall engage in good faith settlement negotiations to resolve the matter, according to the following schedule:

a.   On or before **September 15, 2023**, Plaintiff shall prepare and deliver a **written and detailed proposal of settlement** to the Special Assistant United States Attorney ("SAUSA") representing the Defendant (or, if no SAUSA is assigned to the case, to the assigned Assistant United States Attorney ("AUSA")) by e-mail or facsimile transmission.

b.   On or before **September 22, 2023**, Defendant shall evaluate the merits of Plaintiff's contentions and deliver a **written response to Plaintiff's settlement proposal** to Plaintiff by e-mail or facsimile transmission.

c.   On or before **September 29, 2023**, one of the following actions shall occur:

---

[2] Plaintiff attaches copies of both notices as exhibits to his affidavit, as well as his July 2023 Quarterly Statement of his Pacer Account. [ECF No. 31 at 8-12.]

1.      Defendant shall electronically file a joint stipulation dismissing, remanding, or otherwise resolving the case; or

2.      Defendant shall electronically file a **Joint Status Report** advising the Court that the parties have not resolved the matter in settlement discussions.

2.   The Court issues the following merits briefing schedule:

a.   Plaintiff must file his opening briefing by **October 10, 2023**.

b.   Defendant must file an opposition by **November 9, 2023**.

c.   Plaintiff may, but is not required to, file a reply brief by **November 27, 2023**.

d.   Unless otherwise ordered, the issues presented in the parties' briefs shall be deemed submitted for decision without oral argument. See CivLR 7.1(d)(1).

## III.   PLAINTIFF'S MOTION FOR FULL COURT RECORD ACCESS VIA HIS PERSONAL PACER ACCOUNT

Plaintiff also requests that he be granted "full access to his case file via his personal PACER account" to ensure that he will be timely provided court information to meet court filing deadlines. [ECF No. 31 at 5-7.] In support of his motion, Plaintiff attaches his July 2023 Quarterly Statement of his PACER account. [ECF No. 31 at 12.]

On PACER, "[e]lectronic access to Social Security Administration case documents is limited to parties in the case." *See* AO, Frequently Asked Questions – Find a Case, PACER, https://pacer.uscourts.gov/help/faqs/find-a-case (last visited Aug. 30, 2023); *see also* ("[S]ome documents may be unavailable to the general public, including: . . . Documents in social security and immigration cases."). Plaintiff is already registered for a PACER account. [ECF No. 31 at 12.] As a case participant, Plaintiff should already have electronic access via PACER to all documents filed in his case. In addition, Plaintiff can access all documents filed in this action electronically through PACER as a public terminal user at the Clerk's Office. Further, all court orders are publicly available on PACER. *See*

AO, Find a Case – Court Opinions, PACER, https://pacer.uscourts.gov/find-case/court-opinions (last visited Aug. 30, 2023) ("All court opinions are available through PACER for free for registered users.")

Because Plaintiff already has access to view all documents filed in this case on PACER as a case participant and/or a public terminal user, the Court **DENIES without prejudice** Plaintiff's Motion for Full Court Record Access Via PACER Account [ECF No. 32].

Lastly, Plaintiff also requests "an assurance of the otherwise accompanying requisite ascription under the Civil Local Rule 5.2, Proof of Service on all forthcoming court filings." [ECF No. 31 at 2.] Local Rule 5.2 provides in relevant part:

> Proof of service of all papers required or permitted to be served, other than those for which a particular method of proof is prescribed in the Fed. R. Civ. P., must be filed in the Clerk's Office promptly and in any event before action is to be taken thereon by the Court or the parties. No proof of service is required when a paper is served by filing it with the Court's Electronic Filing System.

Plaintiff confirms that he has received all documents filed in the case apart from the Court's June 6, 2023 Order, ECF No. 27. The Court's review of the docket confirms Defendant has filed a certificate of service for its filings and the Clerk's Office served other court orders on non-registered users via U.S. Mail. Further, Defendant is already required to file a certificate of service on court filings in this case under Local Rule 5.4(c)[3] precisely because Plaintiff is not a CM/ECF User.

---

[3] CivLR 5.4(c) provides in relevant part: "Parties who are not Filing Users must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure and these Local Rules. . . . as set forth in Civ. L.R. 5.2, a certificate of service is required for service on any parties who are not Filing Users."

Nevertheless, to ensure Plaintiff has notice of all further case filings and to avoid any further delays of this action, the Court reiterates the parties' existing obligation to include a certificate of service with every court filing. *See* CivLR 5.4(c), 5.2.

Further, the Court **ORDERS** the Clerk to mail via U.S. Mail a copy of the Court's June 6, 2023 Order, ECF No. 27,[4] along with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  September 6, 2023

_Michelle M. Pettit_

Honorable Michelle M. Pettit
United States Magistrate Judge

---

[4] In accordance with Civil Local Rule 7.1(e)(6)(b), Plaintiff's last name has been redacted from all prior orders.

6

21cv3-MMP